IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITYMETRICS, INC., a Utah corporation,<br><br>Defendant. | ***REDACTED***<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br><br><br>Case No. 2:12-cv-00495 TS |

This matter is before the Court on Plaintiff First Data Merchant Services Corporation's ("First Data") Motion for Temporary Restraining Order and Preliminary Injunction. The Court held a hearing on First Data's Motion on May 24, 2012. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

First Data is a payment processor that provides, among other types of processing, card transaction processing services around the world to merchants accepting cards as a form of

1

payment. First Data is recognized as a significant member of the payment card industry ("PCI"). First Data delivers a variety of services to its customers and helps guide them in managing opportunities and risks associated with payment processing matters.

The PCI has promulgated industry standards for the optimization of data security attendant to transactional processing ("PCI Compliance Standards"). These standards are designed to protect consumers, merchants, and credit card issuers. First Data delivers services designed to facilitate its customers' compliance with PCI Compliance Standards.

Defendant SecurityMetrics, Inc. ("SecurityMetrics") is certified as a PCI Data Security Standard ("DSS") service provider. SecurityMetrics provides data security services to merchants that accept credit card payments. SecurityMetrics' PCI data security services help protect merchants from hackers, and includes services such as forensic acquisition and analysis, onsite data security audits, payment application audits, penetration testing and website vulnerability scanning.

First Data and SecurityMetrics have entered into three agreements in connection with the payment processing services to Merchants. The parties entered into the Master Service Agreement on or about January 3, 2008. The parties also entered into a Statement of Work Referral Agreement ("Statement of Work") on or about February 8, 2008. Finally, the parties entered into the Amendment to Master Services Agreement on or about February 15, 2011. ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████



At some point, First Data decided to offer its own site certification services and informed its customers that its program would replace those services previously provided by SecurityMetrics. First Data then informed SecurityMetrics, by letter dated April 23, 2012, "that effective June 1, 2012, you can cease making all outbound phone calls, emails, and other forms of communications to level 3 and 4 of First Data Merchant Services Corporation (FDMS) and First Data Integrated Services, Inc. (FDIS)."

SecurityMetrics responded to the April 23, 2012 letter on April 24, 2012. SecurityMetrics informed First Data that it was in breach of the Master Services Agreement and the Statement of Work between the parties, thus triggering a 30 day cure period.

After additional back-and-forth between the parties, First Data wrote to SecurityMetrics in a letter dated May 19, 2012, informing Security Metrics that First Data "considers the contract terminated for cause."

During this same period of time, SecurityMetrics altered First Data's access to its Merchant Compliant Console. Though the data is not in the same format, SecurityMetrics has represented that First Data continues to have access to the same data it had access to previously. At oral argument on the Motion, First Data's counsel conceded that First Data had access to the data. ██████████████████████████████████████████

██████████████████████████████████████████

### III.  DISCUSSION

The standard for a temporary restraining order is the same as a preliminary injunction. "A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal." In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

A.   LIKELIHOOD OF SUCCESS ON THE MERITS

4

First Data's Complaint asserts cause of action for breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, conversion, accounting, and declaratory judgment. In its Motion, First Data focuses on its claim for breach of contract and the Court will do the same.

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."

The first element, the existence of a contract, is not in dispute. Therefore, the Court must consider whether First Data has performed under the contract and whether SecurityMetrics has breached the agreement.

On the first issue, performance by First Data, there is evidence that First Data, not SecurityMetrics, was the first party to breach the agreements between them. ████████

████████████████████████████████████████████████████████████████

The Court next turns to First Data's claim that SecurityMetrics is in breach. First Data's breach argument centers on two provisions of the Statement of Work: (1) the requirement that

5

SecurityMetrics provide access to it Merchant Compliant Console; and (2) the requirement that SecurityMetrics provide weekly reports.

[redacted]

Based upon all this, the Court finds that First Data has failed to show that there is a substantial likelihood it will prevail on its breach claim.

6

B.  IRREPARABLE HARM

Plaintiff claims that, if injunctive relief is not issued, it will suffer irreparable harm in that it will be unable to provide its services to its clients and that its reputation may be harmed as a result. The evidence presented, however, casts doubt on this assertion. 

Therefore, this factor weights against issuance of an injunction.

C.  BALANCE OF THE EQUITIES

The Court further finds that the balance of the equities does not favor granting First Data's Motion. Therefore, the Court finds this factor does not support First Data's Motion.

D.  PUBLIC INTEREST

For many of the same reasons already discussed, the Court finds that the public interest does not support First Data's Motion.

7

### III.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 7) is DENIED.

DATE May 29, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge