IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FIRST DATA MERCHANT SERVICES CORPORATION, a Florida corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SECURITYMETRICS, INC., a Utah corporation<br><br>　　　　　Defendant, | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:12-cv-495-RJS<br><br><br>Judge Robert J. Shelby |

　　　　Before the court is SecurityMetrics, Inc.'s Motion to Vacate Judgment.  (Dkt. No. 106). SecurityMetrics moves the court to reconsider its memorandum decision and order (Dkt. No. 103) finding it lacked jurisdiction to adjudicate SecurityMetrics' counterclaims here in Utah. First Data Merchant Services Corporation has filed a memorandum in opposition (Dkt. No. 107), to which SecurityMetrics has replied (Dkt. No. 108).  Having carefully considered the parties' arguments, the procedural posture of the case, the authorities cited in support of SecurityMetrics' motion, and its prior decision, the court DENIES SecurityMetrics' motion.

　　　　After initial litigation over a motion for temporary restraining order filed by First Data the parties resolved their disputes and settled the case at mediation.  But they failed subsequently to memorialize their settlement agreement in a long-form document.  During the course of

continued negotiations over the long-form document, First Data filed in the United States District Court for the District of Maryland new claims against SecurityMetrics based on new facts. The case in Utah having been settled but not formally closed, SecurityMetrics responded by filing counterclaims here that largely mirrored First Data's Maryland claims. Both parties then briefed choice of law motions in an attempt to pull the cases into one forum or the other.

At hearing on outstanding motions the court noted that both parties sought dismissal of First Data's underlying Complaint. Based on the stipulation of the parties the court dismissed the Complaint. The court then received argument on the basis for its continued jurisdiction over SecurityMetrics' counterclaims in this action. The court considered the arguments of the parties at the hearing and SecurityMetrics' notice of supplemental authorities (*see* Dkt. No. 92) before issuing its memorandum decision and order ruling that continued jurisdiction over post-settlement counterclaims in this action was improper.

Subsequent to the court's ruling SecurityMetrics filed a new case in this court and also moved to alter or amend the previous judgment under Federal Rule of Civil Procedure 59(e). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quotations omitted). "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colorado Dept. Of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citations and quotations omitted). SecurityMetrics does not argue that there has been a change in the law, but rather that the court has misapprehended the controlling law and SecurityMetrics' position on diversity

jurisdiction. In brief, SecurityMetrics argues that the court either misapprehended that its remaining counterclaims were premised on diversity jurisdiction or misunderstood that diversity jurisdiction is virtually nondiscretionary and cannot be ignored here. SecurityMetrics also argues that the court treated it unfairly by failing to allow it to respond to the court's sua sponte examination of subject matter jurisdiction.

The court already examined these arguments carefully and found them lacking. SecurityMetrics has now advanced these arguments at hearing, in its supplemental memorandum of authorities that the court received and considered, and in its Rule 59(e) motion. The court has considered a range of authorities in the Tenth Circuit and elsewhere examining the question of whether diversity jurisdiction extends to post-settlement claims in a dismissed action, including those cited by SecurityMetrics. The Tenth Circuit has not explicitly addressed the issue in this context. Other circuit and district courts highlight the discretionary nature of diversity jurisdiction as an independent basis to adjudicate post-settlement counterclaims. *See, e.g.*, *Limbright v. Hofmeister*, 566 F.3d 672, 674-75 (6th Cir. 2009) ("[A] district court *may rely* on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit.") (emphasis added); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) ("As long as §1332 supplies authority to decide, the court *may act* without a fresh complaint.") (emphasis added). Considering again these holdings and the procedural facts of this case, the court declines to revise its previous decision.

"[Rule 59(e)] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court has now twice examined SecurityMetrics' position that

diversity jurisdiction provides a basis for continuing jurisdiction over its counterclaims. SecurityMetrics clearly wishes to remain in Utah. But the position advanced by SecurityMetrics, in addition to lacking support in the case law, yields a distinction without merit. Post-settlement counterclaims filed in a still-open case based on diversity jurisdiction would have a perpetual jurisdictional hook no matter the relationship of the counterclaims to the original action while the same counterclaims filed in a case premised on federal question jurisdiction would not. SecurityMetrics identifies no legal justification for such a result, nor is a compelling policy consideration apparent. The federal courts remain available to diverse parties seeking to litigate post-settlement claims, as evidenced by the new action SecurityMetrics filed in this court. In addition to payment of a new filing fee, the only practical implication is that, as here, the party asserting post-settlement claims unrelated to the initial action loses the temporal placeholder provided by the original complaint. This is not an unfair result.

Upon reconsideration the court continues to believe that exercising diversity jurisdiction over post-settlement counterclaims unrelated to the original complaint and filed after SecurityMetrics agreed it settled this case is inappropriate. Moreover SecurityMetrics' motion here presents only legal arguments the court has already considered carefully, tethered to no new facts.

For the foregoing reasons SecurityMetrics' Motion to Vacate Judgment (Dkt. No. 106) is DENIED.

SO ORDERED this 23rd day of April, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge